UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
97-CR-124(10)(JMR/JGL)
[redacted]

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Martin Gonzales-Llamas, | ) | |
| a/k/a Loreto Lizzaraga | ) | |

Petitioner seeks relief under 28 U.S.C. § 2255, claiming the government failed to prove the quantity and type of illegal drugs ascribed to him, in violation of the rule announced in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000). Petitioner's claim fails.

Initially, the Court notes petitioner's failure to file his § 2255 petition within the one-year period established by statute. See 28 U.S.C. § 2255. Petitioner's judgment of conviction became final almost two years ago. As a result, the petition is untimely.

While there is a split among the circuits as to when the one-year limitation period begins, here the one-year period has expired regardless of which approach is used. Two appellate courts have found the limitation period begins when the court issues its mandate in the direct criminal appeal. See United States v. Torres, 211 F.3d 836, 839-41 (4th Cir. 2000); Gendron v. United States, 154 F.3d 672, 674 (7th Cir. 1998). Nearly two years have passed since the Eighth Circuit Court of Appeals issued its mandate affirming the judgment of this Court. The other appellate courts

FILED DEC 17 2001
RICHARD D. SLETTEN, CLERK
JUDGEMENT ENTERED
DEPUTY CLERK'S INITIALS

have held that, where no petition of certiorari has been filed, the judgment of conviction becomes final when the time for seeking certiorari review expires. See United States v. Gamble, 208 F.3d 536, 537 (5th Cir. 2000); United States v. Burch, 202 F.3d 1274, 1278 (10th Cir. 2000); Kapral v. United States, 166 F.3d 565, 570-71 (3d Cir. 1999). The ninety-day period for filing a petition for writ of certiorari expired March 23, 2000 -- over a year before petitioner filed this motion. As a result, petitioner's habeas petition is time barred.

Petitioner cannot utilize § 2255's tolling provisions to extend the limitations period. He does not claim government action prevented him from pursuing his claims, see 28 U.S.C. § 2255(2), or the acquisition of previously unavailable evidence, see 28 U.S.C. § 2255(4).

The Eighth Circuit Court of Appeals has determined that the rule in Apprendi is not a "watershed" rule which is retroactively available on collateral review. United States v. Moss, 252 F.3d 993, 997 (8th Cir. 2001) (limiting the application of Apprendi to cases on direct review). As a result, the tolling provision of 28 U.S.C. § 2255(3) is also inapplicable to petitioner's motion. Even if he had raised the claim in a timely manner, he procedurally defaulted the claim by failing to raise it on collateral review. See id. at 1001-03; Dukes v. United States, 255 F.3d 912 (8th Cir. 2001); United States v. Gonzales-Llamas, 205 F.3d 1348, 1999 WL 1295312 (8th Cir. 1999) (unpublished).

Petitioner's Apprendi claim also fails on the merits. Petitioner was sentenced to 180 months, within his guideline range and below the twenty year statutory maximum for § 841(b)(1)(C). Because his sentence falls below the statutory maximum, it does not implicate Apprendi. See United States v. Aguayo-Delgado, 220 F.3d 926, 933-34 (8th Cir. 2000).

The Court has also considered whether issuance of a Certificate of Appealability ("COA") is appropriate. See Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997). In that context, the Court concludes that no issue raised is "debatable among reasonable jurists." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)). Petitioner has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for issuance of a COA. 28 U.S.C. § 2253(c)(2).

Accordingly, based on the files, records, and proceedings herein, IT IS ORDERED that:

1. Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is denied.

2. No Certificate of Appealability will be issued in this matter.

Dated: December 17, 2001

JAMES M. ROSENBAUM
United States District Chief Judge